UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COLOSSUS TRADING LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01166-JRS-DML |
| | ) |
| YUKI EXPORT CORP., et al., | ) |
| | ) |
| Defendants. | ) |

**Order on Dismissal**

## I.   Introduction

This appears to have been a contract dispute over the sale of cars.  It is now over.  Nothing about the case has gone according to usual federal practice, and the wind-up is no exception.

The case was removed from Indiana state court.  The Court ordered the parties to fix various problems with the removal and related pleadings.  (ECF No. 6.)  Instead of fixing those problems, the parties notified the Court they were near a settlement agreement and argued that no further action was necessary.  (ECF No. 9.)  The Court acquiesced, and directed the parties to dismiss the case, either by motion of the plaintiff or by stipulation.  (ECF No. 14.)  The Court received only Defendant's Notice of Voluntary Dismissal, (ECF No. 15), which is now before the Court.

## II.   Discussion

There is no such thing as a defendant's voluntary dismissal—no doubt defendants wish there were—so the Court must decide how to construe the Notice now before it.

Rule 41 allows for voluntary dismissal without court order if the plaintiff files "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). That seems best to fit the situation. Here, of course, the plaintiff did not file the stipulation, and the Notice does not have all parties' signatures. But "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." *Boran v. United Migrant Opportunity Servs., Inc.*, 99 F. App'x 64, 66–67 (7th Cir. 2004) (citing *Golden v. Barenborg*, 53 F.3d 866, 868–69, 871 (7th Cir.1995)).

The Court accepts that lifeline in this maelstrom of irregularity. It is clear to the Court that the parties are finished with this case. Defendants' Status Report, (ECF No. 13), indicated that the parties had reached a settlement effective August 1, 2022, or thereabouts. Magistrate Judge Lynch gave the parties thirty days to dismiss the case. (ECF No. 14.) On August 2, Defendants filed their purported voluntary dismissal of this case, apparently believing that to satisfy the Court's order—no objection has been made or further action taken by either party. On August 4, 2022, Colossus voluntarily dismissed the state court action, Hamilton Circuit Court Cause No. 29C01-2005-CC-003345, which the parties seem to have been litigating concurrently despite the purported removal of the case to federal court.

Because the Court characterizes the Notice as a Rule 41(a)(1)(a)(ii) stipulation of dismissal, no further order is necessary to close the case. *Boran*, 99 F. App'x at 67.

2

### III.     Conclusion

Defendants' Notice of Voluntary Dismissal, (ECF No. 15), is accepted by the Court as the parties' mutually agreed stipulation of dismissal under Rule 41.  All claims are thus **dismissed without prejudice,** and **this case is closed.**

**SO ORDERED.**

Date: 10/19/2022

                                              JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.